Bryan A. Merryman (SBN 134357)
bmerryman@whitecase.com
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

Attorneys for Defendants
HOTEL COLLECTION LLC
and AROMA360 LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIZA WOLMARK, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HOTEL COLLECTION LLC d/b/a Hotel Collection; AROMA360 LLC; UNIVERSAL ACCOUNT SERVICING LLC; UGA FINANCE; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:25-cv-06613-GW-E <br><br> Hon. George H. Wu <br><br> **DEFENDANTS HOTEL COLLECTION LLC AND AROMA360 LLC'S:** <br><br> **(1) NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; AND** <br><br> **(2) MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Hearing Date: December 4, 2025 <br> Time: 8:30 a.m. <br> Courtroom: 9D |

# NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on December 4, 2025, at 8:30 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable George H. Wu, United States District Court, Courtroom 9D, 350 West First Street, Los Angeles, California 90012, defendants Hotel Collection LLC ("Hotel Collection") and Aroma360 LLC ("Aroma360") will and hereby do move for an order dismissing the complaint, pursuant to Rules 8(a), 9(b), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 3 ("Complaint"), filed by plaintiff Aliza Wolmark ("Plaintiff").

Defendants Hotel Collection and Aroma360 make this motion on the grounds that Plaintiff does not plead sufficient facts for the Court to assert personal jurisdiction over them, Plaintiff lacks standing, fails to state a claim, fails to plead her allegations of fraud with particularity, and improperly groups defendants. Defendants Hotel Collection and Aroma360 request the Court dismiss without leave to amend Plaintiff's claims for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* ("TILA"); violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et. seq.* ("UCL"); violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et. seq.* ("CLRA"); fraud and deceit; violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et. seq.* ("EFTA").

Defendants Hotel Collection and Aroma360 base this motion on this notice of motion and motion, the memorandum of points authorities, all pleadings and other papers filed in this action, and all other matters of which the Court may take judicial notice.

Counsel for defendants Hotel Collection and Aroma360 requested a conference of counsel pursuant to Local Civil Rule 7-3 on October 9, 13, and 14, but the conference did not take place because Plaintiff's counsel responded that they were observing the Jewish holiday and not available.

| | | |
|---|---|---|
| 1 | Dated: October 21, 2025 | WHITE & CASE LLP |
| 2 | | |
| 3 | | By: */s/ Bryan A. Merryman*<br>Bryan A. Merryman |
| 4 | | Attorney for Defendants<br>HOTEL COLLECTION LLC and<br>AROMA360 LLC |

- 2 -

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................1

II. BACKGROUND .................................................................................................2

III. LEGAL STANDARD ..........................................................................................3

IV. THE COURT SHOULD DISMISS THE COMPLAINT ....................................5

    A. The Court Lacks Personal Jurisdiction Because the Complaint Does Not Allege It ........................................................................................5

    B. The Complaint Fails to State a Claim ......................................................6

        1. Plaintiff Lacks Standing Because She Did Not Allege an Injury-in-Fact ...................................................................................6

        2. The Statute of Limitations Bars Plaintiff's TILA Claim (Count I) ...........................................................................................7

        3. Plaintiff's UCL and CLRA Claims (Counts II and III) Fail Because She Does Not Allege She "Lost Money or Property" ......................................................................................7

        4. Plaintiff's EFTA Claim (Count V) Fails Because She Alleges a Credit-Based Transaction ............................................8

        5. The Statute of Limitations Bars Plaintiff's EFTA Claim (Count V) ...........................................................................................8

    C. Plaintiff Fails to Plead Her Fraud Claims with Particularity ..................8

    D. Plaintiff's Shotgun Pleading Violates Rules 8(a) and 9(b) ....................9

V. CONCLUSION .................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 4

*Calder v. Jones*,
  465 U.S. 783 (1984) ............................................................................................. 5

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ............................................................................................. 5

*Depot, Inc. v. Caring for Montanans, Inc.*,
  915 F.3d 643 (9th Cir. 2019) ............................................................................... 9

*Destfino v. Reiswig*,
  630 F.3d 952 (9th Cir. 2011) ............................................................................. 10

*Doe v. Unocal Corp.*,
  248 F.3d 915 (9th Cir. 2001) ............................................................................... 5

*In re Facebook, Inc.*,
  402 F. Supp. 3d 767 (N.D. Cal. 2019) ................................................................. 7

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*,
  592 U.S. 351 (2021) ............................................................................................. 4

*Friedman v. 24 Hour Fitness USA, Inc.*,
  580 F. Supp. 2d 985 (C.D. Cal. 2008) ................................................................. 8

*Giannini v. Cnty. of Sacramento*,
  2023 WL 6279437 (E.D. Cal. Sept. 26, 2023) .................................................... 9

*Guzman v. Bridgepoint Educ., Inc.*,
  2012 U.S. Dist. LEXIS 74767 (S.D. Cal. May 30, 2012) ................................... 6

*Hinds Invs., L.P. v. Angioli*,
  654 F.3d 846 (9th Cir. 2011) ............................................................................... 4

*Holcomb v. Cal. Bd. of Psychology*,
  2016 U.S. Dist. LEXIS 72910 (E.D. Cal. June 2, 2016) ..................................... 6

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*,
  326 U.S. 310 (1945) ............................................................................................. 3

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) .......................................................................... 8, 9

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ................................................................................ 4

*Levitt v. Yelp! Inc.*,
  765 F.3d 1123 (9th Cir. 2014) .............................................................................. 4

*Lorentzen v. Kroger Co.*,
  532 F. Supp. 3d 901 (C.D. Cal. 2021) .................................................................. 7

*McHenry v. Renne*,
  84 F.3d 1172 (9th Cir. 1996) ......................................................................... 4, 10

*McKee v. Audible, Inc.*,
  2018 WL 11263238 (C.D. Cal. Mar. 12, 2018) (Wu, J.) ...................................... 8

*Monaco v. Bear Stearns Residential Mortg. Corp.*,
  554 F. Supp. 2d 1034 (C.D. Cal. 2008) ................................................................ 7

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) .............................................................................. 5

*Sanford v. MemberWorks, Inc.*,
  625 F.3d 550 (9th Cir. 2010) ................................................................................ 8

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ................................................................................ 3

*Seldin v. HSN, Inc.*,
  2018 U.S. Dist. LEXIS 124719 (S.D. Cal. July 25, 2018) ................................... 6

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016) .............................................................................................. 6

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ........................................................................... 2, 9

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) .............................................................................................. 6

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ................................................................................ 4

*Villegas v. Wells Fargo Bank, N.A.*,
  2012 U.S. Dist. LEXIS 132511 (N.D. Cal. Sep. 17, 2012) .................................... 9

*Zeiger v. WellPet LLC*,
  304 F. Supp. 3d 837 (N.D. Cal. 2018) .................................................................. 5

**STATUTES**

15 U.S.C.A. § 1693m(g) ................................................................................................ 8

**RULES**

Fed. R. Civ. P. 8 ........................................................................................... 2, 4, 5, 9, 10

Fed. R. Civ. P. 9(b) ............................................................................... 1, 2, 4, 8, 10

Fed. R. Civ. P. 12(b)(2) ................................................................................................. 2

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 1, 2, 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff alleges a scheme among four defendants who she alleges defrauded her into purchasing a "VIP" subscription for scent diffusers. Her Complaint is more notable for what it omits than what it includes. Plaintiff does not identify which of the four named defendants sold her the initial diffuser she purchased. She does not say who offered or executed the retail installment contract that underlies each of her causes of action, or what the contract said. Plaintiff alleges fraud based on a phone conversation, but does not allege which defendant's representative spoke to her and made the alleged misrepresentations, or the words allegedly spoken. Plaintiff does not allege any facts showing an economic injury: she never claims to have paid a single dollar to any defendant, incurred interest or fees, impact to her credit, or lost money not refunded. These omissions, together with the Complaint's other vague and conclusory allegations of fraud, are fatal under Rule 9(b).

Plaintiff's causes of action also fail for several other reasons. *First*, Plaintiff does not meet her burden to establish personal jurisdiction. The phrase "personal jurisdiction" is absent entirely from the Complaint. There is no allegation related to either California's long-arm statute or any minimum contacts between defendants Hotel Collection and Aroma360 and California arising from or related to the alleged conduct. These omissions require dismissal, and the Court can stop there.

*Second*, the Complaint fails to state a claim under Rule 12(b)(6). Plaintiff lacks standing because she does not allege an injury in fact. The statute of limitations bars her TILA claim. The California consumer-protection claims fail because plaintiff does not allege she lost money or property. Her EFTA claim fails because she alleges a credit transaction, and the statute of limitations bars it.

*Third*, Plaintiff also does not allege a misrepresentation with the particularity Rule 9(b) requires. Her allegations of fraud, which rely on vague assertions that an unnamed person representing an unnamed defendant said something misleading at

- 1 -

some unspecified time, fall far short of the "who, what, when, where, and how" standard required by federal pleading standards.

*Last,* the Complaint improperly jumbles its allegations together against all defendants. Such "group pleading" is impermissible because it fails to put any one defendant on notice of what it allegedly did wrong. Courts in the Ninth Circuit consistently reject complaints that "lump multiple defendants together" without specifying each party's role in the alleged misconduct. *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007). Plaintiff's use of the collective term "Defendants" throughout the pleading and in each cause of action makes it impossible to know what Hotel Collection or Aroma360 did (if anything).

The Complaint should be dismissed in its entirety under Rules 8(a), 9(b), 12(b)(2), and 12(b)(6).

## II.    BACKGROUND

Plaintiff Aliza Wolmark, a California resident, alleges she purchased a home fragrance "Starter Kit diffuser" from one or more defendants in April 2024. Compl. ¶ 24. The next day, she received a telephone call from an unnamed "representative," who allegedly offered to "upgrade" her purchase into a "VIP program." *Id.* ¶¶ 25–26. Plaintiff alleges this call was high-pressure and "fast-paced," but the Complaint does not identify who placed the call, from where, or on behalf of which defendant(s). *Id.* ¶¶ 17, 25–27. Nor does the Complaint allege what was said by either Plaintiff or the unnamed "representative."

According to Plaintiff, the caller failed to disclose the VIP subscription program would be financed through a retail installment contract carrying a 16.99% interest rate. *Id.* ¶¶ 16–17, 26-28. Although Plaintiff claims she "signed the documents" (*id.* 27), the Complaint does not attach or quote the alleged agreement, explain its terms, identify the date it was signed, or specify the medium used to transmit it (e.g., email, online portal, or e-signature). The Complaint does not allege how—or whether—she was charged under the contract, and does not allege she ever

made a payment. There are no allegations Plaintiff lost money, lost property, or sustained damage to her credit.

Plaintiff broadly alleges all "Defendants"—four different entities located in three states—jointly designed and executed a "bait-and-switch" lending scheme. *Id.* ¶¶ 2, 15. The Complaint never distinguishes between each defendant's conduct, ownership, or communications with Plaintiff. For example, while Plaintiff alleges "UGA Finance" is "the lending entity that finances the retail installment contracts" (*id.* ¶ 9), she simultaneously claims *all* Defendants "extend credit" (*id.* ¶ 42). Plaintiff pleads each cause of action similarly, alleging every defendant did everything. The Complaint offers no factual basis for concluding Hotel Collection or Aroma360 acted as creditors or participated in credit decisions, but alleges a credit-based claim against both of them anyway. *Id.* ¶ 44.

Plaintiff alleges California consumer protection law claims, but does not identify what predicate acts Hotel Collection or Aroma360 committed. *Id.* ¶¶ 47-59. Plaintiff alleges fraud, but does not attribute any misrepresentation or omission to Hotel Collection or Aroma360. *Id.* ¶¶ 60-67. Finally, Plaintiff alleges a claim under EFTA without alleging any funds were electronically transferred. *Id.* ¶¶ 68-71. Each cause of action incorporates every prior paragraph by reference (*id.* ¶¶ 40, 47, 54, 60, 68), and Plaintiff pleads each in conclusory fashion using boilerplate language, without any factual allegations directed specifically to Hotel Collection or Aroma360.

### III. LEGAL STANDARD

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). A plaintiff must allege "certain minimum contacts with" California "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp.*

*& Placement*, 326 U.S. 310, 316, (1945).  A plaintiff must show her claims "'arise out of or relate to" those minimum contacts with California.  *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 373 (2021) (citations omitted).

A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To survive a Rule 12(b)(6) motion to dismiss, the "factual allegations 'must . . . suggest that the claim has at least a plausible chance of success.'"  *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013)).  Assessing plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  The "well-pleaded facts" must do more than permit the court to infer "the mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  A court need not credit "conclusory" allegations, "unwarranted deductions of fact," or "unreasonable inferences."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (citation omitted).  Dismissal under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011) (citing *Johnson v. Riverside Healthcare Sys.*, LP, 534 F.3d 1116, 1121 (9th Cir. 2008)).

Rule 9(b) requires a plaintiff to state with particularity circumstances constituting fraud or mistake.  Rule 9(b) applies to "averments of fraud" in any claim.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003).

Rule 8(a)(2) requires a short plain statement of the claim showing the pleader is entitled to relief, and "must provide defendants notice of what legal claims are asserted against which defendants."  *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996).

## IV. THE COURT SHOULD DISMISS THE COMPLAINT

The Complaint must be dismissed because (A) Plaintiff does not plead the Court has personal jurisdiction over Hotel Collection and Aroma360; (B) Plaintiff lacks standing and each of her causes of action fails to state a claim; (C) Plaintiff does not plead her fraud allegations with particularity; and (D) Plaintiff's shotgun "group pleading" violates Rule 8(a).

### A. The Court Lacks Personal Jurisdiction Because the Complaint Does Not Allege It

"It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Plaintiff does not even attempt to do so in her Complaint. In fact, the phrase "personal jurisdiction" does not appear once in the Complaint. That alone merits dismissal, because Plaintiff fails to make even "a prima facie showing of jurisdictional facts" in her Complaint. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

Putting aside Plaintiff's pleading oversight, she cannot allege general personal jurisdiction, because the Complaint acknowledges Hotel Collection and Aroma360 are Florida citizens and residents. *See* Compl. ¶¶ 6-7; *see also Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (explaining general personal jurisdiction is appropriate only where a defendant is "at home").

Nor can the Complaint support a finding of specific personal jurisdiction, because "[e]ach defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984). The Complaint makes that impossible: Plaintiff alleges every act and potential contact with California against *all* defendants, making it impossible to determine what (if any) contacts Plaintiff alleges each specific defendant has with California. Such "general allegations that group defendants together" cannot satisfy Plaintiff's "burden to make a prima facie showing of these jurisdictional facts with regards to each individual defendant." *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 849 (N.D. Cal. 2018);

*Seldin v. HSN, Inc.*, No. 17-cv-2183-AJB-MDD, 2018 U.S. Dist. LEXIS 124719, at *24 (S.D. Cal. July 25, 2018) ("Plaintiff's grouping of the Defendants together to establish personal jurisdiction, general or specific, is inadequate."). The Court should therefore dismiss the Complaint.

### B. The Complaint Fails to State a Claim

The Complaint fails to state a claim because (1) Plaintiff does not allege an injury-in-fact; (2) Plaintiff's TILA claim is untimely; (3) Plaintiff's UCL and CLRA claims fail because she does not allege she "lost money or property;" and (4) EFTA does not apply to credit-based transactions, and Plaintiff's claim is time-barred.

#### 1. Plaintiff Lacks Standing Because She Did Not Allege an Injury-in-Fact

A plaintiff must allege an "injury in fact" that is "both concrete *and* particularized." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). Mere violation of a statutory right is insufficient. *Id.* at 341; *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (a plaintiff lacks standing to sue for violation of her statutory rights if she "has not suffered any physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts"). The same is true for fraud claims. *See, e.g.*, *Guzman v. Bridgepoint Educ., Inc.*, No. 11cv69 WQH (WVG), 2012 U.S. Dist. LEXIS 74767, at *14 (S.D. Cal. May 30, 2012) (dismissing fraud claims for lack of standing where plaintiff has "not alleged that she incurred any debt as a result of misrepresentations").

Plaintiff does not allege she paid money to any defendant based on the retail installment contract. She does not allege her credit was harmed, or she incurred a debt that went unpaid. Her conclusory allegations that she is entitled to "statutory damages" and "actual damages" (Compl. ¶¶ 46, 71) are not enough. All five of her causes of action must be dismissed for lack of Article III standing. *See Holcomb v. Cal. Bd. of Psychology*, No. 2:15-cv-02154-KJM-CKD, 2016 U.S. Dist. LEXIS 72910, at *6 (E.D. Cal. June 2, 2016) (dismissing complaint that "pleads only

- 6 -

conclusory assertions that plaintiff has suffered 'severe harm,' 'significant economic damages,' or 'severe psychological damages,' without providing any factual support for such assertions") (internal citations omitted).

### 2. The Statute of Limitations Bars Plaintiff's TILA Claim (Count I)

Plaintiff alleges she bought her diffuser and signed up for her "VIP program" retail installment contract in April 2024. *See* Compl. ¶¶ 24-27. "An action for damages under TILA must be brought within one year from the alleged violation." *Monaco v. Bear Stearns Residential Mortg. Corp.*, 554 F. Supp. 2d 1034, 1039 (C.D. Cal. 2008) (citing 15 U.S.C. § 1640(e)). The statute of limitations runs from the date of "consummation" of the transaction, which is "the time that a consumer becomes contractually obligated on a credit transaction." *Id.* (quoting 12 C.F.R. § 226.2(a)(13)). Plaintiff alleges she became contractually obligated on the alleged credit transaction in April 2024, but did not file her Complaint until July 21, 2025. Her TILA claim is thus time-barred and must be dismissed.

### 3. Plaintiff's UCL and CLRA Claims (Counts II and III) Fail Because She Does Not Allege She "Lost Money or Property"

"To establish standing under the UCL, FAL, and CLRA, a plaintiff must allege that he or she suffered an 'injury in fact' and 'has lost money or property' as a result of a defendant's alleged conduct." *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 909 (C.D. Cal. 2021) (citing Cal. Bus. & Prof. Code §§ 17204, 17535; Cal. Civ. Code § 1780(a)). Plaintiff alleges she was defrauded into signing a retail installment contract, but never alleges she made any payments or lost money as a result. Her UCL and CLRA claims thus fail. *See id.*; *see also In re Facebook, Inc.*, 402 F. Supp. 3d 767, 804 (N.D. Cal. 2019) ("[T]he plaintiffs here do not allege that they paid any premiums (or any money at all) to Facebook to potentially give rise to standing under California law.").

### 4. Plaintiff's EFTA Claim (Count V) Fails Because She Alleges a Credit-Based Transaction

EFTA "applies to electronic fund transfers from a 'consumer account,' which is defined as a 'demand deposit, savings deposit, or other asset account.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 560 (9th Cir. 2010) (quoting 15 U.S.C. § 1693a(2)). Plaintiff never alleges she made an electronic fund transfer from a consumer account. In fact, she never alleges she made a payment from *any* type of account. At most, the Complaint alleges a scheme by defendants to have "charges appear on consumers' credit card statements." Compl. ¶ 19. Because EFTA "does not apply to credit-based transactions," Plaintiff's fourth cause of action must be dismissed. *Sanford*, 625 F.3d at 560 (affirming dismissal of EFTA claim where plaintiffs "concede that only their credit cards were charged"); *McKee v. Audible, Inc.*, No. CV 17-1941-GW(EX), 2018 WL 11263238, at *14–15 (C.D. Cal. Mar. 12, 2018) (Wu, J.) (dismissing EFTA claim "with prejudice" because the charges were made to plaintiff's credit card).

### 5. The Statute of Limitations Bars Plaintiff's EFTA Claim (Count V)

A claim under EFTA must be filed within "one year from the date of the occurrence of the violation." 15 U.S.C.A. § 1693m(g). Plaintiff alleges the EFTA violation occurred in April 2024 (Compl. ¶¶ 24, 68), but she did not file her Complaint until July 21, 2025. Her EFTA claim is thus time-barred. *See Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d 985, 998 (C.D. Cal. 2008) (dismissing EFTA claims filed more than one year after plaintiff's injury).

### C. Plaintiff Fails to Plead Her Fraud Claims with Particularity

Because Plaintiff alleges "a unified course of fraudulent conduct," her claims are "grounded in fraud" and her "entire complaint must therefore be pleaded with particularity" under Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (affirming dismissal of claims under the CLRA and UCL). That requires

Plaintiff "to articulate the who, what, when, where, and how of the misconduct alleged" for each of her claims. *Id.* at 1126. None of Plaintiff's "averments of fraud" or causes of action satisfies this standard.

Plaintiff bases all of her claims on alleged misrepresentations during a phone call she alleges "deceived" her "into signing a retail installment credit agreement." Compl. ¶ 28. But she does not "allege the details of these misrepresentations, such as when defendants made them, where or how defendants made them, to whom they were made, or the specific contents of the misrepresentations." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir. 2019). In fact, Plaintiff does not allege *which* defendant(s) allegedly made the representation(s). The claims against Hotel Collection and Aroma360 must be dismissed because "the complaint failed to specify any false representations made *by them*." *Swartz*, 476 F.3d at 764 ("In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant.") (cleaned up) (emphasis in original). To the extent Plaintiff bases her claims on misrepresentations in the contract, her failure to allege the terms of the contract or how she was deceived is fatal. *See Villegas v. Wells Fargo Bank, N.A.*, No. C 12-02004 LB, 2012 U.S. Dist. LEXIS 132511, at *24 (N.D. Cal. Sep. 17, 2012) (dismissing fraudulent inducement claim where plaintiffs "have not otherwise identified specific contract provisions as a basis for their claim").

### D. Plaintiff's Shotgun Pleading Violates Rules 8(a) and 9(b)

"To comply with Rule 8, a complaint should clearly and fully set forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *Giannini v. Cnty. of Sacramento*, No. 2:21-CV-00581-KJN, 2023 WL 6279437, at *2 (E.D. Cal. Sept. 26, 2023) (a defendant should not have to "sift and cull through each and every paragraph and speculate what allegations are relevant to which defendant"). Almost all of Plaintiff's allegations—including every single allegation related to the alleged misrepresentations and omissions underlying her claims—are attributed to "Defendants" generally. *See, e.g.*, Compl. ¶¶ 15-19, 21-26,

- 9 -

29, 30-31; 42, 44, 45, 48-52, 55, 57-59, 61-65, 70.  The Complaint makes it impossible for Hotel Collection and Aroma360 to know which allegations Plaintiff directs at each of them, rather than other defendants.  Federal pleading rules require more.  *See McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996) (a complaint must "clearly and concisely explain[] which allegations are relevant to which defendant").  Plaintiff also alleges every claim against every defendant, with no allegations connecting any specific defendant's conduct to the cause of action.  Such "'everyone did everything' allegations" violate Rules 9(b) and 8(a).  *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).  The Court should therefore dismiss the Complaint.

## V. CONCLUSION

For the foregoing reasons, defendants Hotel Collection and Aroma360 respectfully request the Court grant this motion to dismiss.

Dated: October 21, 2025

WHITE & CASE LLP

By: /s/ Bryan A. Merryman
Bryan A. Merryman

Attorneys for Defendants
HOTEL COLLECTION LLC and
AROMA360 LLC