Jason Ingber (SBN: 318323)
ji@jasoningber.com
Serach B. Shafa (SBN:359332)
ss@jasoningber.com
Ingber Law Group
3580 Wilshire Blvd.
Suite 1260
Los Angeles, CA 90010
Phone: (213)8058373


Attorneys for Plaintiffs
**Aliza Wolmark**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALIZA WOLMARK,** individually on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**HOTEL COLLECTION LLC d/b/a Hotel Collection; AROMA360 LLC; UNIVERSAL ACCOUNT SERVICING LLC; UGA FINANCE; DAYMOND JOHN; HEATHER TARAS; and DOES 1-10, inclusive,**<br><br>Defendants. | CASE NO:  2:25-cv-06613-GW-E<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Date: December 4, 2025**<br><br>**Time: 8:30 a.m.**<br><br>**Courtroom: 9D**<br><br>**Judge: Hon. George H. Wu** |

**NOTICE OF MOTION AND MOTION**

    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

      PLEASE TAKE NOTICE that on December 4, 2025 at 8:30am, or as soon thereafter as the matter may be heard, in Courtroom 9D of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, CA 90012, Plaintiff Aliza Wolmark will and hereby does move this Court for an Order granting Plaintiff leave to file the First Amended Class Action Complaint attached hereto as Exhibit A.

      This Motion is based on Federal Rule of Civil Procedure 15(a)(2), which provides that leave to amend shall be freely given when justice so requires. Plaintiff seeks to add Daymond John and Heather Taras as defendants based on newly discovered evidence of their substantial involvement in and profit from the alleged fraudulent scheme.

      This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jason M. Ingber and exhibits attached thereto, the complete files and records in this action, and such other and further evidence and argument as may be presented at the hearing of this Motion.

Respectfully submitted,

Dated:  November 19, 2025          INGBER LAW GROUP

                          */s/ Jason M. Ingber*
                          Jason M. Ingber, Esq.
                          Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Aliza Wolmark respectfully moves this Court for leave to file a First Amended Class Action Complaint to add Daymond John and Heather Taras as defendants in this consumer fraud action. Through investigation and discovery of publicly available information, Plaintiff has uncovered evidence that John and Taras are not merely celebrity endorsers but have substantial equity stakes in and exercise operational control over the corporate defendants' deceptive lending scheme. The proposed amendments add claims against these individuals under RICO and various fraud theories based on their direct participation in and profit from the fraudulent enterprise.

## II. STATEMENT OF FACTS

### A. Background of the Original Complaint

On July 18, 2025, Plaintiff filed this class action against Hotel Collection LLC, Aroma360 LLC, Universal Account Servicing LLC, and UGA Finance (collectively, "Corporate Defendants"), alleging they operate a deceptive scheme that tricks consumers into signing high-interest loans while believing they are enrolling in "VIP subscription programs" for luxury home fragrances. (See Dkt. No. 1.)

The original complaint alleges that Corporate Defendants: (1) sell consumers an initial diffuser product; (2) immediately follow up with high-pressure sales calls describing a "VIP program" upgrade; (3) deceive consumers into signing retail installment credit agreements at 16.99% APR while never disclosing the true nature of the transaction; and (4) conceal the fraud by billing consumers through different entity names. (Id. at ¶¶ 2-4.)

### B. Newly Discovered Evidence Regarding John and Taras

Through investigation conducted after filing the original complaint, Plaintiff has discovered evidence establishing that:

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT**

1. **Substantial Financial Interests**: John and Taras hold significant equity stakes in Hotel Collection and Aroma360, receiving ongoing profits, royalties, and distributions from the companies' operations, including revenues generated directly from the deceptive loan scheme. (See Proposed Am. Compl. ¶¶ 20-21.)

2. **Operational Control**: John and Taras participate in strategic business decisions, including the development and implementation of the marketing campaigns and sales strategies that form the basis of this action. (Id. at ¶¶ 22-23.)

3. **Knowledge of Deceptive Practices**: Despite widespread public complaints—including a Reddit post titled "[US] PSA: Hotel Collection/Aroma360 + UGA Finance trapped me in a 3-year high-interest loan" and media coverage titled "Miami-based home fragrance company called out by customers"—John and Taras continued their promotional activities without disclosing the loan structure or correcting their misrepresentations. (Id. at ¶¶ 36-37.)

4. **Direct Participation in Fraud**: John and Taras created and disseminated promotional videos, social media posts, and advertisements portraying Hotel Collection and Aroma360 as legitimate subscription services, without any disclosure that the primary business model involved high-interest lending. (Id. at ¶¶ 44-46.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Supreme Court has emphasized that this mandate is to be heeded, and leave to amend should be freely granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the Ninth Circuit, "the standard for granting leave to amend is generous." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

**IV. ARGUMENT**

**A. The Proposed Amendment Is Timely and Made in Good Faith**

This motion is filed promptly after Plaintiff discovered evidence of John and Taras's substantial involvement in the fraudulent scheme. The case is still in its early stages, no scheduling order has been entered, discovery has not commenced, and no responsive pleadings have been filed. The amendment is made in good faith based on newly discovered evidence, not for any dilatory purpose.

**B. The Amendment Will Not Cause Undue Prejudice to Any Party**

Adding John and Taras as defendants at this early stage will not prejudice any party. The Corporate Defendants have not yet answered or otherwise responded to the complaint. Discovery has not begun, so there are no depositions to re-take or documents to re-produce. The proposed amendments arise from the same core facts and transactions as the original complaint, the deceptive "VIP program" scheme ensuring judicial efficiency.

**C. The Proposed Claims Against John and Taras Are Not Futile**

The proposed amendments state viable claims against John and Taras:

1. **RICO Claims (18 U.S.C. § 1962(c) and (d))**: The amended complaint alleges John and Taras participated in conducting the enterprise's affairs through a pattern of racketeering activity consisting of wire fraud and mail fraud. It details their creation and dissemination of false promotional materials and their profit-sharing arrangements with the enterprise.

2. **Pre-Market Fraud**: The complaint alleges systematic pre-contractual fraud through interstate promotional activities that created false market conditions, inducing consumers to engage with the Corporate Defendants.

3. **False Advertising and Deceptive Practices**: The amendments detail how John and Taras made false and misleading statements in interstate commerce without disclosing the deceptive nature of the financing arrangements.

4. **Conspiracy and Aiding and Abetting**: The complaint alleges John and Taras conspired with and aided the Corporate Defendants' fraudulent scheme through their promotional activities and financial participation.

## D. Justice Requires Allowing the Amendment

Justice strongly favors allowing this amendment because:

1. **Complete Relief**: Adding John and Taras ensures the Court can grant complete relief to the plaintiff class by reaching all parties who participated in and profited from the fraudulent scheme.

2. **Accountability**: John and Taras allegedly used their celebrity status to legitimize a predatory lending scheme, causing widespread consumer harm. Justice requires holding them accountable for their role.

3. **Deterrence**: Allowing celebrities and investors to profit from fraudulent schemes while avoiding liability would encourage similar misconduct. Including them as defendants serves important deterrent purposes.

4. **Efficiency**: Resolving all claims arising from the same fraudulent scheme in one action promotes judicial efficiency and avoids inconsistent results.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant leave to file the First Amended Class Action Complaint. The amendment is timely, made in good faith, will not prejudice any party, and justice requires allowing Plaintiff to pursue claims against all parties who participated in and profited from the alleged fraudulent scheme.

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT

1    Respectfully submitted,

2

3

4    Dated:  November 19, 2025                    INGBER LAW GROUP

5
                                                  */s/ Jason M. Ingber*
6                                                 Jason M. Ingber, Esq.
7                                                 Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT**

## DECLARATION OF JASON M. INGBER IN SUPPORT OF MOTION FOR
## LEAVE TO FILE FIRST AMENDED COMPLAINT

I, Jason M. Ingber, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am the principal of Ingber Law Group and counsel of record for Plaintiff Aliza Wolmark in this action. I have personal knowledge of the facts set forth herein and, if called upon to do so, could and would testify competently thereto.

2. Attached hereto as Exhibit A is a true and correct copy of the proposed First Amended Class Action Complaint that Plaintiff seeks leave to file.

3. The proposed First Amended Complaint adds Daymond John and Heather Taras as defendants based on evidence discovered after filing the original complaint on July 18, 2025.

4. Through investigation of publicly available information, including promotional materials, media reports, and consumer complaints, we discovered evidence that John and Taras have substantial equity stakes in the Corporate Defendants and actively participated in the alleged fraudulent scheme.

5. Specifically, we discovered promotional videos and social media posts created by John endorsing Hotel Collection and Aroma360 without disclosing the loan structure, media reports indicating John's financial interest in these companies, consumer complaints specifically mentioning reliance on John's endorsements, and evidence that John and Taras continued promotional activities despite widespread public complaints about the deceptive practices.

6. The proposed amendments add claims under RICO and various fraud theories against John and Taras based on their participation in and profit from the alleged fraudulent enterprise. These claims arise from the same core facts as the original complaint.

7.  I believe that adding John and Taras as defendants is necessary to ensure complete relief for the plaintiff class and to hold accountable all parties who participated in and profited from the alleged scheme.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 19, 2025, at Los Angeles, California.

/s/ Jason M. Ingber

Jason M. Ingber

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT**

# EXHIBIT A

1

2

3

4

5

6

7

8

9

Jason Ingber (SBN: 318323)
ji@jasoningber.com
Serach B. Shafa (SBN:359332)
ss@jasoningber.com
Ingber Law Group
3580 Wilshire Blvd.
Suite 1260
Los Angeles, CA 90010
Phone: (213)8058373


Attorneys for Plaintiffs
**Aliza Wolmark**

10

11

12

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ALIZA WOLMARK,** individually on
behalf of all others similarly situated,

               Plaintiff,

v.

**HOTEL COLLECTION LLC d/b/a
Hotel Collection; AROMA360 LLC;
UNIVERSAL ACCOUNT
SERVICING LLC; UGA FINANCE;
DAYMOND JOHN; HEATHER
TARAS; and DOES 1-10, inclusive,**

               Defendants.

CASE NO:  2:25-cv-06613-GW-E

**AMENDED CLASS ACTION
COMPLAINT**

**DEMAND FOR JURY TRIAL**

- 1 -
**AMENDED CLASS ACTION COMPLAINT**

## **INTRODUCTION**

1.    Plaintiff Aliza Wolmark brings this class action against Defendants Hotel Collection LLC, Aroma360 LLC, Universal Account Servicing LLC, UGA Finance, Daymond John, and Heather Taras (collectively, "Defendants") for operating a deceptive scheme that tricks consumers into signing high-interest loans while believing they are merely enrolling in a "VIP subscription program" for luxury home fragrances.

2.    Defendants operate a bait-and-switch scheme where they: (a) sell consumers an initial diffuser product; (b) immediately follow up with high-pressure sales calls describing a "VIP program" upgrade; (c) deceive consumers into signing retail installment credit agreements-essentially high-interest loans at 16.99% APR-while never disclosing the true nature of the transaction during the sales process; and (d) further conceal the fraud by billing consumers through completely different entity names, preventing them from recognizing the charges and delaying discovery of the deception.

3.    This predatory lending scheme for luxury scented oils has harmed thousands of consumers nationwide who believed they were signing up for a simple subscription service but instead found themselves locked into three-year, non-cancellable loans that threaten their credit scores and financial wellbeing.

4.    Despite numerous public complaints about their deceptive practices-including detailed victim accounts on Reddit such as "[US] PSA: Hotel Collection/Aroma360 + UGA Finance trapped me in a 3- year high-interest loan" and media coverage like "Miami-based home fragrance company called out by customers" Defendants continue their fraudulent scheme, demonstrating willful disregard for consumer protection laws and the financial harm they inflict on their victims.

## **PARTIES**

**AMENDED CLASS ACTION COMPLAINT**

5.    Plaintiff Aliza Wolmark is a natural person and citizen of California, residing in Los Angeles County, California.

6.    Defendant Hotel Collection LLC is a Florida limited liability company with its principal place of business at 2058 NW Miami Court, Miami, Florida 33127. Hotel Collection transacts business throughout California and the United States through its website and direct sales operations.

7.    Defendant Aroma360 LLC is a Florida limited liability company that operates in conjunction with Hotel Collection to market and sell home fragrance products. Upon information and belief, Aroma360 shares common ownership, management, and operations with Hotel Collection.

8.    Defendant Universal Account Servicing LLC ("UAS") is a Missouri limited liability company with its principal place of business at 603 East St., Ste. 301, Parkville, Missouri 64152. UAS services the retail installment contracts at issue.

9.    Defendant UGA Finance is the lending entity that finances the retail installment contracts. Upon information and belief, UGA Finance works in concert with the other Defendants to facilitate the deceptive lending scheme.

10.    Defendant DAYMOND JOHN is an individual who resides in New York. John is a celebrity entrepreneur, television personality, and investor who has a substantial financial interest in and exercises operational control over Defendants Hotel Collection and Aroma360's business operations. John transacts business in this District through his commercial activities and investments.

11.    Defendant HEATHER TARAS is an individual who resides in New York. Upon information and belief, Taras is John's business partner and co-investor who participates in the management and profits of Defendants' deceptive scheme.

12.    Defendants Does 1 through 10 are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint accordingly.

**AMENDED CLASS ACTION COMPLAINT**

## CRITICAL ACTUAL ALLEGATIONS

### John and Tara's Ownership and Control

13.    Upon information and belief, John and Taras hold substantial equity stakes in Hotel Collection and Aroma360, receiving ongoing profits, royalties, and distributions from the companies' operations, including revenues generated from the deceptive loan scheme alleged herein.

14.    Upon information and belief, John and Taras participate in strategic business decisions, including the development and implementation of the marketing campaigns and sales strategies that form the basis of this action.

15.    John and Taras's financial arrangements with Hotel Collection and Aroma360 extend beyond mere endorsement fees and include profit-sharing agreements, equity positions, and performance-based compensation tied directly to consumer enrollment in the deceptive "VIP programs."

### Financial Interest and Control

16.    Upon information and belief, John and Taras receive compensation tied directly to consumer enrollment numbers in the "VIP programs," creating a financial incentive to maximize the number of consumers deceived into the predatory lending arrangements.

17.    John and Taras's financial arrangements with Hotel Collection and Aroma360 include provisions for ongoing royalties, profit distributions, or performance-based payments that increase with the volume of retail installment contracts executed, demonstrating their direct financial benefit from the fraudulent scheme.

18.    Upon information and belief, John and Taras had access to consumer complaint data, social media feedback, and internal communications documenting the deceptive nature of the sales practices, yet continued their promotional activities.

### Independent Fraudulent Conduct

**AMENDED CLASS ACTION COMPLAINT**

19.    John and Taras engaged in a pattern of false and misleading public statements designed to induce consumer reliance, independent of any consumer contracts with Hotel Collection or Aroma360.

20.    Through promotional videos, advertisements, and public appearances, John made material misrepresentations about Hotel Collection and Aroma360's business practices, including endorsing what he knew or should have known were predatory lending arrangements disguised as subscription services.

21.    John and Taras's promotional activities occurred in interstate commerce and were directed at consumers nationwide, including California residents, for the purpose of generating enrollment in the deceptive financing schemes.

**Knowledge and Intent**

22.    John and Taras knew or should have known that the "VIP programs" they endorsed were structured as non-cancellable loans rather than subscription services, given their claimed ownership interests and involvement in business operations.

23.    Despite the Reddit post titled "[US] PSA: Hotel Collection/Aroma360 + UGA Finance trapped me in a 3-year high-interest loan" and the media coverage in "Miami-based home fragrance company called out by customers," John and Taras continued their promotional activities without disclosing the loan structure or correcting their prior misrepresentations.

24.    John and Taras's promotional content was specifically designed to leverage John's reputation from Shark Tank and his status as a business expert to create consumer trust, making their failure to disclose the predatory lending nature of the programs particularly egregious.

25.    Upon information and belief, John and Taras reviewed and approved promotional materials and marketing strategies that deliberately obscured the credit nature of the transactions and emphasized subscription terminology.

**Promotional Activities**

**AMENDED CLASS ACTION COMPLAINT**

26.    John and Taras created and disseminated promotional videos, social media posts, and advertisements that portrayed Hotel Collection and Aroma360 as legitimate consumer goods companies offering subscription services, without any disclosure that the primary business model involved high-interest lending.

27.    John's endorsements specifically emphasized the quality and luxury nature of the products while omitting any reference to financing terms, interest rates, credit obligations, or the involvement of third-party lenders.

28.    Upon information and belief, John and Taras participated in the design of marketing campaigns that deliberately targeted consumers through channels and messaging calculated to maximize enrollment without adequate disclosure of loan terms.

29.    John and Taras's promotional materials were transmitted via interstate commerce, including television broadcasts, internet platforms, and telephone communications, reaching consumers nationwide including in California.

**Enterprise Participation**

30.    John and Taras are not merely celebrity endorsers but function as integral participants in the enterprise through their equity stakes, profit-sharing arrangements, and ongoing involvement in business strategy.

31.    Upon information and belief, John and Taras attend or participate in business meetings, strategic planning sessions, and operational discussions regarding Hotel Collection and Aroma360's sales methods and marketing approaches.

32.    John and Taras's continued association with Hotel Collection and Aroma360, despite public complaints documenting the deceptive practices, demonstrates their willful participation in the ongoing fraudulent scheme.

**Interstate Nature**

33.    John and Taras's promotional activities necessarily utilized interstate commerce through television appearances, internet marketing, social media platforms, and telephone communications that reached consumers across state lines.

- 6 -
**AMENDED CLASS ACTION COMPLAINT**

34.     The promotional materials created and disseminated by John and Taras were specifically intended to induce consumers nationwide, including California residents, to engage with Hotel Collection and Aroma360's deceptive lending program.

**Causation**

35.     Plaintiff and Class members would not have engaged with Hotel Collection and Aroma360's sales representatives without the trust and credibility created by John and Taras's endorsements and promotional activities.

36.     John's reputation as a successful entrepreneur and investor, prominently featured in his promotional activities for Hotel Collection and Aroma360, was a material factor in inducing consumers to believe the companies operated legitimate subscription services rather than predatory lending schemes.

37.     The use of John's image and endorsement in marketing materials directly contributed to consumers' willingness to participate in high-pressure sales calls and sign documents during those calls without adequate review.

**Continuing Violations**

38.     As of the filing of this complaint, John and Taras continue to be associated with Hotel Collection and Aroma360 and have not publicly disclosed the deceptive nature of the financing arrangements or corrected their prior misrepresentations.

39.     John and Taras's ongoing silence regarding the true nature of the "VIP programs," despite widespread public complaints, constitutes a continuing fraudulent omission directed at prospective consumers.

**Damages Specific to John and Taras**

40.     John and Taras's participation in the fraudulent scheme proximately caused Plaintiff and Class members to enter into retail installment contracts they would not have otherwise accepted, resulting in financial harm including interest charges, fees, and credit impacts.

**AMENDED CLASS ACTION COMPLAINT**

Case 2:25-cv-06613-GW-E    Document 33    Filed 11/19/25    Page 18 of 35    Page ID
#:196

41.    The involvement of John and Taras in the deceptive scheme increased the scope and scale of consumer harm by lending credibility to the fraudulent enterprise and increasing consumer enrollment.

## JURISDICTION AND VENUE

42.    This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (a) there are at least 100 class members, as evidenced by numerous public complaints documented on consumer forums including Reddit posts detailing identical deceptive practices, media coverage confirming widespread consumer harm, and Defendants' systematic nationwide marketing scheme; (b) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, as each retail installment contract averages $4,932 and affects hundreds if not thousands of consumers, with additional statutory damages under TILA of up to $1,000 per violation and treble damages under California law and RICO; and (c) Plaintiff, a California citizen, and many class members are citizens of states different from Defendants Hotel Collection LLC and Aroma360 LLC (Florida entities), Universal Account Servicing LLC (Missouri entity), UGA Finance, and Defendants John and Taras (New York residents).

43.    This Court also has federal question jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's claims under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq., and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.

44.    This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

45.    Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, and Defendants transact substantial business in this District.

46.    Personal jurisdiction over Defendants John and Taras is proper in this District because they directed their promotional activities at California residents,

- 8 -
AMENDED CLASS ACTION COMPLAINT

conducted business in California through their financial interests in Hotel Collection and Aroma360, and purposefully availed themselves of the benefits of conducting business in California.

## FACTUAL ALLEGATIONS

### A. THE DEFENDANT'S DECEPTIVE SCHEME

47.    Defendants operate a coordinated enterprise designed to deceive consumers into entering high- interest loans under the guise of "VIP subscription programs" for luxury home fragrances.

48.    The scheme operates in two stages: Stage One - The Initial Purchase: Defendants market and sell home fragrance diffusers through various channels, including online advertising, social media, and their websites. These initial purchases appear to be straightforward retail transactions. Stage Two - The Deceptive Upsell: Within days of the initial purchase, Defendants initiate aggressive outbound sales calls to consumers. These calls, often placed early in the morning or at other inconvenient times, pressure consumers to "upgrade" to what sales representatives describe as a "VIP program."

49.    During these high-pressure sales calls, Defendants' representatives:

- Describe the program using terms like "VIP membership," "subscription plan," and "monthly scent deliveries"
- Emphasize upgraded devices and exclusive benefits
- Create artificial urgency and time pressure

- Keep consumers on the phone and pressure them to sign contracts during fast-paced sales calls without reading them
- Prevent consumers from reviewing document terms before signing
- Affirmatively lie when consumers ask about credit impacts
- Never mention that this is actually a loan
- Never disclose the 16.99% interest rate

- 9 -

- Never explain this is a multi-year financial obligation
- Never mention third-party lenders or financing
- Never disclose that charges will appear on credit card statements from a completely different entity than Hotel Collection or Aroma360.

50.    Most egregiously, when consumers specifically ask whether the program will affect their credit or require credit checks, Defendants' representatives are trained to say "no"-a deliberate lie designed to overcome consumer objections.

51.    To further conceal the true nature of the transaction, Defendants structure their billing so that charges appear on consumers' credit card statements from entities with completely different names than Hotel Collection or Aroma360. This deliberate obfuscation:

- Prevents consumers from recognizing the charges as related to their "VIP program"

- Delays discovery of the fraudulent nature of the transaction
- Creates panic when consumers see unexplained charges from unknown entities.
- Makes it difficult for consumers to dispute charges or seek refunds
- Adds another layer of deception to the overall scheme.

52.    Only after consumers have signed do they discover they have entered into retail installment credit agreements-high-interest loans that cannot be cancelled without severe financial consequences.

53.    Despite widespread public complaints about these deceptive practices-including detailed accounts on consumer forums and media coverage-Defendants continue their scheme unabated, demonstrating willful disregard for consumer protection laws.

**AMENDED CLASS ACTION COMPLAINT**

54. The use of different entity names for billing demonstrates consciousness of guilt and intent to defraud. This practice serves no legitimate business purpose and is designed solely to:

- Prevent consumers from connecting charges to the Hotel Collection/Aroma360 "VIP program"
- Delay or prevent chargebacks and disputes
- Create plausible deniability about the relationship between the companies
- Further the overall scheme to trap consumers in loans they don't understand
- Violate fundamental principles of transparency and fair dealing in consumer transactions

This billing obfuscation is a critical component of Defendants' fraudulent scheme, as it prevents the very consumers who are beginning to suspect they were deceived from taking timely action to protect themselves.

55. Upon information and belief, Defendants have created a web of interconnected entities specifically to obscure the true nature of their business and make it difficult for consumers and regulators to trace the fraudulent scheme. This corporate shell game is designed to:

- Create confusion about which entity consumers contracted with
- Make it difficult to pursue legal remedies
- Avoid regulatory scrutiny
- Shift assets and liabilities between entities to avoid accountability.

### B. **PLAINTIFF'S EXPERIENCE**

56. In April 2024, Plaintiff purchased a Starter Kit diffuser from Defendants' website, believing she was making a simple retail purchase.

**AMENDED CLASS ACTION COMPLAINT**

57.    The next day, at approximately 8:00 AM, Plaintiff received an unsolicited sales call from Defendants' representative asking if she wanted to be "upgraded into VIP program."

58.    During this call, Defendants' representative told Plaintiff the program consisted of:

- An upgrade to a "penthouse device"
- Monthly scent deliveries
- A "flat payment rate

59.    The representative created a high-pressure atmosphere, rushing Plaintiff to make a decision and sign documents while still on the phone. At no point did the representative disclose that:

- This was a loan or credit transaction
- The interest rate was 16.99% APR
- This was a 36-month financial obligation totaling $4,932
- The transaction involved third-party lenders
- Missing payments would result in fees and credit damage
- The agreement could not be cancelled.

60.    Believing she was enrolling in a simple subscription service, Plaintiff signed the documents presented during the call.

61.    Only later did Plaintiff discover she had been deceived into signing a retail installment credit agreement with.

- 36-month term
- 16.99% APR interest rate
- Monthly payments of $137
- $30 NSF fees for any payment issues
- Late payment fees
- No cancellation rights

**AMENDED CLASS ACTION COMPLAINT**

- Severe credit consequences for non-payment.

62.    Even after the sale, Defendants continue the deception. In a December 31, 2024 email from Defendants' "concierge department," the transaction is still referred to as a "VIP oil plan" and "oil subscription"-never as the loan it actually is.

## C. <u>THE HARM TO CONSUMERS</u>

63.    Defendants' deceptive scheme causes severe harm to consumers:

- Financial Harm: Consumers are locked into thousands of dollars in debt for luxury items they believed they could cancel
- Credit Harm: Non-payment results in negative credit reporting that can last seven years
- Emotional Distress: Consumers experience anxiety and distress upon discovering they were deceived
- Loss of Autonomy: Consumers cannot cancel or return products without severe consequences

64.    The scheme is particularly insidious because it targets consumers who have already demonstrated interest in Defendants' products, exploiting their trust to trap them in predatory loans.

## <u>RICO ALLEGATIONS</u>
### THE RACKETEERING ENTERPRISE

65.    At all relevant times, Defendants Hotel Collection, Aroma360, UAS, UGA Finance, John, and Taras operated as an association-in-fact enterprise engaged in interstate commerce for the purpose of conducting a pattern of racketeering activity.

66.    The enterprise operated through a common purpose of generating revenue by deceiving consumers into entering predatory lending agreements through fraudulent advertising and misrepresentations about subscription services.

AMENDED CLASS ACTION COMPLAINT

67.    John and Taras participated in the operation and management of the enterprise by providing celebrity endorsements and promotional content designed to legitimize the deceptive scheme and increase consumer enrollment.

## PATTERN OF RACKETEERING ACTIVITY

68.    The enterprise engaged in a pattern of racketeering activity consisting of multiple acts of wire fraud and mail fraud, including:

A. Wire Fraud: Transmitting false and fraudulent promotional materials, advertisements, and endorsements via interstate television broadcasts, internet communications, and telephone calls to induce consumers to enroll in predatory lending programs disguised as subscription services.

B. Mail Fraud: Using postal services and private interstate carriers to transmit deceptive contracts, promotional materials, and billing statements that concealed the true nature of the financing arrangements.

C. Additional Predicate Acts: Violations of federal consumer protection statutes and lending regulations that constitute racketeering activity under 18 U.S.C. § 1961.

69.    John and Taras directly participated in the wire fraud by creating and disseminating promotional videos and endorsements that they knew contained material misrepresentations about Hotel Collection and Aroma360's business practices.

70.    The pattern of racketeering activity occurred continuously over multiple years and affected hundreds if not thousands of consumers nationwide, generating millions of dollars in revenue for the enterprise.

## PRE- MARKET FRAUD

71.    Beginning before any consumer contracts were executed, Defendants John and Taras engaged in a systematic campaign of material misrepresentations designed to create false market conditions and consumer confidence in Hotel Collection and Aroma360.

**AMENDED CLASS ACTION COMPLAINT**

72.    These pre-market misrepresentations included: (a) Endorsing Hotel Collection and Aroma360 as reputable consumer goods companies when Defendants knew the companies primarily operated predatory lending schemes; (b) Failing to disclose their substantial financial stake in promoting what they knew were deceptive financing arrangements; (c) Creating promotional content that portrayed subscription services when the actual business model centered on non-cancellable loans with high interest rates.

73.    The pre-market fraud was directed at the general consuming public through interstate advertising and promotional campaigns, creating market-wide deception that preceded and induced individual consumer transactions.

74.    This systematic pre-contractual fraud created an artificial market environment where consumers, including Plaintiff, were induced to engage with Hotel Collection and Aroma360 based on fundamentally false premises about the nature of the companies' operations.

## CLASS ACTION ALLEGATIONS

75.    Plaintiff brings this action individually and as a class action on behalf of the following classes: National Class: All persons in the United States who, within the applicable statute of limitations, entered into a retail installment credit agreement with Defendants after being contacted by telephone and told they were enrolling in a "VIP program," "subscription," or similar program, without clear disclosure that they were entering into a loan. California Subclass: All persons in California who, within the applicable statute of limitations, entered into a retail installment credit agreement with Defendants after being contacted by telephone and told they were enrolling in a "VIP program," "subscription," or similar program, without clear disclosure that they were entering into a loan.

76.    Excluded from the Classes are Defendants and their officers, directors, and employees; any entity in which Defendants have a controlling interest; and the legal representatives, successors, and assigns of any such excluded persons or entities.

**AMENDED CLASS ACTION COMPLAINT**

77.     Numerosity: The Classes consist of at least hundreds, if not thousands, of members, making joinder impracticable. The numerous public complaints and media coverage of Defendants' deceptive practices confirm the widespread nature of this scheme.

78.     Commonality: Common questions of law and fact exist as to all Class members, including:

- Whether Defendants misrepresented loans as subscriptions.
- Whether Defendants failed to make required TILA disclosures
- Whether Defendants' sales representatives lied about credit impacts
- Whether Defendants prevented consumers from reading contracts before signing
- Whether Defendants' conduct was unfair or deceptive
- Whether Defendants' conduct was part of a common scheme
- Whether Defendants' conduct was part of a common scheme
- Whether John and Taras participated in a RICO enterprise
- Whether Class members are entitled to damages
- Whether Class members are entitled to damages

79.     Typicality: Plaintiff's claims are typical of the claims of Class members, as all were subject to the same deceptive sales practices.

80.     Adequacy: Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel competent and experienced in class action litigation.

81.     Predominance: Common questions of law and fact predominate over any individual questions.

82.     Superiority: A class action is superior to other available methods for fair and efficient adjudication of this controversy.

## **CAUSES OF ACTION**

## **FIRST CAUSE OF ACTION**

**AMENDED CLASS ACTION COMPLAINT**

**Violations of the Truth in Lending Act 15 U.S.C. § 1601 et seq**.

**(On Behalf of Plaintiff and All Classes)**

83.    Plaintiff incorporates all preceding allegations.

84.    The retail installment credit agreements at issue are "consumer credit transactions" under TILA.

85.    Defendants are "creditors" under TILA as they regularly extend credit and either imposed the finance charge or participated in the decision to extend credit.

86.    TILA requires clear and conspicuous disclosure of credit terms before consummation of a credit transaction.

87.    Defendants violated TILA by:

- Failing to clearly disclose that the transaction was a credit transaction
- Failing to disclose the annual percentage rate before consummation
- Failing to provide required written disclosures before consummation
- Preventing consumers from reading required disclosures by pressuring. them to sign during fast- paced phone calls
- Failing to properly identify the creditor by using different entity names for billing
- Misrepresenting the nature of the transaction
- Affirmatively lying about credit impacts when directly asked
- Obscuring required disclosures through deceptive sales practices

88.    These violations are willful, as evidenced by Defendants' continuation of these practices despite numerous public complaints documenting identical deceptive tactics.

89.    As a result of these violations, Plaintiff and Class members are entitled to statutory damages, actual damages, and attorneys' fees under 15 U.S.C. § 1640.

**<u>SECOND CAUSE OF ACTION</u>**

**AMENDED CLASS ACTION COMPLAINT**

**Violations of California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200 et seq.**

**(On Behalf of Plaintiff and California Subclass)**

90.    Plaintiff incorporates all preceding paragraphs.

91.    Defendants' conduct constitutes unlawful, unfair, and fraudulent business practices under the UCL.

92.    Unlawful: Defendants' conduct violates TILA, EFTA, RICO, the California Consumer Legal Remedies Act, the California False Advertising Law, FTC guidelines on clear and conspicuous disclosures, and other consumer protection statutes.

93.    Unfair: Defendants' practice of deceiving consumers into loans they believe are subscriptions is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers. The use of different entity names for billing compounds this unfairness by preventing consumers from identifying fraudulent charges and protecting themselves.

94.    Fraudulent: Defendants' misrepresentations about the nature of their "VIP program" are likely to deceive reasonable consumers.

95.    Plaintiff and Class members have suffered injury in fact and lost money as a result of Defendants' UCL violations

96.    Plaintiff seeks restitution, injunctive relief, and other equitable relief under the UCL.

**THIRD CAUSE OF ACTION**

**Violations of California's Consumer Legal Remedies Act Cal. Civ. Code § 1750 et seq.**

**(On Behalf of Plaintiff and California Subclass)**

97.    Plaintiff incorporates all preceding allegations.

98.    Defendants' retail installment contracts are "goods" and "services" under the CLRA.

- 18 -
**AMENDED CLASS ACTION COMPLAINT**

99.  Plaintiff and Class members are "consumers" under the CLRA.

100.  Defendants violated the CLRA by:

- Misrepresenting the characteristics and benefits of their services (§ 1770(a)(5))

- Representing their services as a particular standard when they were another (§ 1770(a)(7))

- Advertising services with no intent to sell as advertised (§ 1770(a)(9))

- Misrepresenting the rights and obligations involved (§ 1770(a)(14))

- Representing the transaction was supplied in accordance with previous representations when it was not (§ 1770(a)(16)).

101.  Defendants' conduct was intentional, fraudulent, and designed to deceive consumers.

102.  Plaintiff will comply with Cal. Civ. Code§ 1782 before seeking damages under the CLRA.

103.  Plaintiff seeks injunctive relief, restitution, punitive damages, and attorneys' fees.

## FOURTH CAUSE OF ACTION.

## FRAUD AND DECEIT.

### (On Behalf of Plaintiff and All Classes)

104.  Plaintiff incorporates all preceding allegations.

105.  Defendants made false representations of material facts, including that:

- The program was a "VIP subscription"

- Consumers were enrolling in a simple payment plan

- The transaction was not a loan

- The transaction would not affect consumers' credit

- No credit check would be performed

**AMENDED CLASS ACTION COMPLAINT**

- Charges would be from Hotel Collection or Aroma360 (when in fact they appear from completely different entities.

106.  These representations were false, and Defendants knew they were false when made.

107.  Defendants compounded their fraud by:

- Preventing consumers from discovering the truth by keeping them on the phone and pressuring them to sign contracts during fast-paced sales calls without reading them

- Using different entity names for billing to further obscure the nature of the transaction and delay consumer discovery of the fraud

108.  Defendants' fraudulent conduct is particularly egregious because they have continued their deceptive scheme despite numerous public complaints, including the Reddit post "[US] PSA: Hotel Collection/Aroma360 + UGA Finance trapped me in a 3-year high-interest loan" and media coverage in "Miami-based home fragrance company called out by customers." This demonstrates Defendants acted with malice and conscious disregard for consumers' rights.

109.  Defendants intended for Plaintiff and Class members to rely on these misrepresentations.

110.  Plaintiff and Class members reasonably relied on these misrepresentations.

111.  As a proximate result, Plaintiff and Class members have been damaged. The use of different billing entity names specifically caused additional damages by delaying consumers' ability to identify and stop the fraudulent charges, resulting in additional unauthorized payments being extracted from their accounts.

## **FIFTH CAUSE OF ACTION.**

**VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT 15 U.S.C § 1693 et seq.**

**(On Behalf of Plaintiff and All Classes)**

AMENDED CLASS ACTION COMPLAINT

112. Plaintiff incorporates all preceding allegations.

113. The Electronic Fund Transfer Act ("EFTA") and Regulation E require clear disclosures when establishing recurring electronic fund transfers.

114. Defendants violated EFTA by:

- Failing to clearly disclose the identity of the financial institution or entity that would charge consumers' accounts

- Using different entity names for billing than those disclosed during sales calls

- Failing to provide required written authorizations before initiating recurring transfers

- Misrepresenting the nature of the recurring charges.

115. As a result of these violations, Plaintiff and Class members are entitled to actual damages and statutory damages under 15 U.S.C. § 1693m.

## THE RICO ENTERPRISE

## VIOLATION OF RICO - CONDUCTING ENTERPRISE THROUGH PATTERN OF RACKETEERING (18 U.S.C. § 1962 (c)).

### (Against All Defendants)

116. Plaintiff incorporates all preceding allegations.

117. Defendants conducted and participated in the conduct of the enterprise's affairs through a pattern of racketeering activity consisting of wire fraud and mail fraud.

118. John and Taras were employed by or associated with the enterprise and participated in its operation through their promotional activities and profit-sharing arrangements.

119. The racketeering activity proximately caused injury to Plaintiff and Class members who were deceived into entering predatory lending agreements.

120. As a proximate result of Defendants' RICO violations, Plaintiff and Class members have suffered damages to their business or property, including being locked

**AMENDED CLASS ACTION COMPLAINT**

into high-interest loans they did not understand, paying interest and fees they would not have otherwise paid, and suffering credit damage.

121.  Pursuant to 18 U.S.C. § 1964(c), Plaintiff and Class members are entitled to treble damages, costs, and reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF RICO - CONSPIRACY (18 U.S.C. § 1962(d))

### (Against Defendants John and Taras)

122.  Plaintiff incorporates all preceding allegations.

123.  John and Taras conspired to violate 18 U.S.C. § 1962(c) by agreeing to participate in the operation of the enterprise through a pattern of racketeering activity.

124.  In furtherance of the conspiracy, John and Taras created promotional content, endorsed the companies, and concealed material facts about their financial interests and knowledge of the deceptive practices.

125.  As a proximate result of this conspiracy, Plaintiff and Class members have suffered damages to their business or property.

126.  Pursuant to 18 U.S.C. § 1964(c), Plaintiff and Class members are entitled to treble damages, costs, and reasonable attorneys' fees.

## EIGHTH CAUSE OF ACTION

### PRE-MARKET FRAUD AND CONSPIRACY

### (Against Defendants John and Taras)

127.  Plaintiff incorporates all preceding allegations.

128.  John and Taras engaged in systematic pre-contractual fraud by making material misrepresentations to the general public about Hotel Collection and Aroma360's business operations.

129.  This fraud preceded and transcends any individual consumer contracts because it involved creating false market conditions through interstate promotional activities.

**AMENDED CLASS ACTION COMPLAINT**

130.    The pre-market fraud violated duties owed to the consuming public under federal advertising standards and consumer protection laws, independent of any contractual relationships

131.    As a proximate result, Plaintiff and Class members suffered damages.

## NINTH CAUSE OF ACTION

**FALSE ADVERTISING AND DECEPTIVE PRACTICES (15 U.S.C. § 1125(a); Cal. Bus. & prof. Code § 17200 et seq)**

**(Against John and Taras)**

132.    Plaintiff incorporates all preceding allegations

133.    John and Taras made false and misleading statements in interstate commerce by endorsing and promoting Hotel Collection and Aroma360 without disclosing the deceptive nature of the financing arrangements

134.    These misrepresentations were made to induce consumer purchases and were material to consumers' decision-making processes

135.    John and Taras acted with knowledge of the falsity of their statements or with reckless disregard for their truth

136.    As a proximate result, Plaintiff and Class members suffered damages.

## TENTH CAUSE OF ACTION

**CONSPIRACY TO COMMIT FRAUD**

**(Against Defendants John and Taras)**

137.    Plaintiff incorporates all preceding allegations.

138.    John and Taras conspired with Hotel Collection and Aroma360 to defraud consumers through false advertising and deceptive lending practices.

139.    In furtherance of this conspiracy, John and Taras provided promotional endorsements designed to legitimize the deceptive scheme.

140.    John and Taras received substantial financial benefits from this conspiracy in the form of profit-sharing and equity distributions.

141.    As a proximate result, Plaintiff and Class members suffered damages.

## ELEVENTH CAUSE OF ACTION

### AIDING AND ABETTING UNFAIR BUSINESS PRACTICES

### (Against Defendants John and Taras)

142.   Plaintiff incorporates all preceding allegations.

143.   John and Taras knowingly provided substantial assistance to Hotel Collection and Aroma360's deceptive practices by lending their celebrity credibility to legitimize fraudulent lending arrangements.

144.   Without John and Taras's promotional activities, many consumers would not have trusted or engaged with Hotel Collection and Aroma360.

145.   As a proximate result, Plaintiff and Class members suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Class:

1. Certify this case as a class action and appoint Plaintiff as Class Representative and her counsel as Class Counsel;

2. Award actual damages, statutory damages, and punitive damages to the fullest extent permitted by law;

3. Award punitive damages in an amount sufficient to deter Defendants from continuing their fraudulent scheme, particularly given their willful continuation of these practices despite numerous public complaints;

4. Award restitution and disgorgement of ill-gotten gains;

5. Enjoin Defendants from continuing their deceptive practices, including through preliminary injunction given the ongoing harm to consumers

6. Order Defendants to clearly disclose the actual billing entity names during sales calls and in all marketing materials;

AMENDED CLASS ACTION COMPLAINT

7.  Order expedited discovery given the ongoing harm to consumers as evidenced by continuing public complaints;

8.  Award pre-judgment and post-judgment interest:

9.  Award reasonable attorneys' fees and costs:

10. Grant such other relief as the Court deems just and proper;

11. Award treble damages under RICO, 18 U.S.C. § 1964(c);

**Against Defendants John and Taras specifically:**

12. Order a complete accounting of all financial arrangements, profit-sharing agreements, equity interests, and compensation received from Hotel Collection, Aroma360, and their affiliates;

13. Enjoin John and Taras from further promotional activities for Hotel Collection, Aroma360, or any affiliated entities;

14. Order disgorgement of all profits, distributions, and benefits received by John and Taras from their participation in the deceptive scheme;

15. Award punitive damages against John and Taras for their knowing participation in the fraudulent conduct;

16. Grant such other relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff ALIZA WOLMARK hereby demands a trial by jury on all issues and causes of action so triable in this matter, pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

Respectfully submitted,

Dated:  November 19, 2025                    INGBER LAW GROUP

                                              */s/ Jason M. Ingber*
                                              Jason M. Ingber, Esq.
                                              Attorney for Plaintiff

**AMENDED CLASS ACTION COMPLAINT**